UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES P. BESSE

                          Plaintiff,              13-CV-6370

          v.                                      **DECISION AND ORDER**

CARESTREAM HEALTH, INC., AND
JEFFREY NELSON

                          Defendants,
_____

## <u>INTRODUCTION</u>

Plaintiff, James P. Besse, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and New York state law, alleging that the Defendants, Carestream Health, Inc. ("Carestream") and Jeffrey Nelson ("Nelson")(collectively, "Defendants"), terminated him on the basis of his nationality, described as "American", and that they intentionally and negligently misrepresented the nature of his future employment with Carestream and intentionally inflicted financial harm upon him. (Docket No. 3).  Defendants now move to dismiss Plaintiff's complaint, contending that he has not stated a plausible claim to relief. (Docket No. 5, 7.) Plaintiff opposes the motion.  For the reasons set forth herein, Defendants' motion is granted.

## <u>BACKGROUND</u>

The following facts are taken from the Plaintiff's complaint. Plaintiff, describe throughout as an "American," was employed by Carestream for more than 33 years, first as a Film Tester and

eventually as a Global Product Line Manager, until his termination on March 23, 2012. Plaintiff alleges that he was replaced by an "Italian" individual.  Plaintiff alleges that the General Manager and the Vice President of Carestream are of Italian descent and that the General Manager and Plaintiff's replacement worked together for a previous employer. Plaintiff does not know "if this individual had experience comparable to the Plaintiff, or if the replacement is qualified for said position," but he states that the Defendants wanted to replace him with an "Italian."  He alleges that "the Defendants have engaged in a practice of discrimination against the Plaintiff by discharging the Plaintiff and replacing him with an individual who is of a different [non-American] national origin."

He alleges that Carestream "claimed that the Plaintiff 'retired,'" but he did not receive a retirement or severance package and he did not complete any retirement paperwork or submit a letter of resignation.  He has been unable to secure employment because his expertise is with a product which has a limited market and moreover he believes he signed a non-compete agreement with Carestream at some point during his employment.  He alleges that he relied on representations from Carestream that his employment would continue and/or that he would continue employment as an independent contractor.  He claims he made "major life changes" and relied upon these false representations made by Carestream.

## DISCUSSION

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007); Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir.2006). The plaintiff must satisfy "a flexible 'plausibility standard.'" See Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir.2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." See id. at 1974.

A. Title VII and New York State Law Discrimination Claims

To state a prima facie case of discrimination, Plaintiff must present evidence that he was a member of a protected class, that he was qualified for the position, and that he experienced an adverse employment action occurring under circumstances giving rise to an inference of discrimination. McDonnell Douglas Corp. v Green, 411 U.S. 792, 802 (1973); Song v. Ives Laboratories, Inc., 957 F.2d 1041, 1046 (2d Cir. 1992)("New York state courts have adopted the [Title VII] analysis for discrimination actions arising under the

New York State Human Rights Law."). At the pleading stage, Plaintiff need not set forth a prima facie case of discrimination, however, Plaintiff must still set forth a plausible claim for discrimination. <u>See</u> <u>Swierkiewicz v. Sorema</u>, N.A., 534 U.S. 506 (2002); <u>Twombly</u>, 550 U.S. at 570.

Here, Plaintiff, who describes himself as an American, states that he had been working for Carestream in various capacities for more than 33 years and that he received excellent reviews and was promoted several times. He alleges that he was terminated and replaced by an "Italian." He alleges that the managers at Carestream were of Italian descent, had worked with his replacement previously and that they wanted to replace him with an Italian. Based on these allegations, he alleges that his termination was based on his national origin, an "American."

The parties dispute whether Plaintiff has set forth a plausible claim for discrimination based solely on his allegation that he was replaced by an Italian. The Court finds that plaintiff has not set forth a plausible claim for relief. <u>See</u> <u>Foster v. The Human Society of Rochester and Monroe County, Inc.</u>, 724 F.Supp.2d 382, 390 (W.D.N.Y. July 21, 2010)(holding that an employee failed to state a claim for age discrimination where the only allegation of discrimination was that the employee was replaced by someone younger). Should Plaintiff's complaint be taken to state a plausible claim for discrimination, employers would subject

themselves to liability under Title VII every time an individual was replaced with a person of a different nationality.  See Zucker v. Five Towns College, 09-Civ-4884, 2012 WL 3310698, *2 (E.D.N.Y. August 18, 2012)(citing Foster, 2010 WL 2867325, at *5). Therefore, the Court finds that Plaintiff has not set forth a plausible claim for employment discrimination and his Title VII and New York States Human Rights Law claims are dismissed without prejudice.  However, Plaintiff's Title VII claim against the individual defendant, Jeffrey Nelson, is dismissed with prejudice because individuals cannot be held liable under Title VII. See Patterson v. County of Oneida, N.Y., 375 F.3d 206 (2d Cir. 2004).

### B. New York State Law Claims

#### 1. Fraud and Negligent Misrepresentation

Plaintiff alleges that the Defendants fraudulently represented that his employment would continue or that he would be employed as an independent contractor.  To state a claim for fraud under New York law, Plaintiff must plead "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 421 (1996).  New York courts have held that "a failure to perform promises of future acts

is merely a breach of contract to be enforced by an action on the contract. A cause of action for fraud does not arise when the only fraud charged relates to a breach of contract." <u>Grant v. DCA Food Industries , Inc.</u> 124 A.D.2d 909, 910 (3rd Dep't 1986)(holding that plaintiff failed to state a cause of action for fraud where "plaintiff's allegation of fraud is based upon the assertion that defendant never intended to honor its oral promise to perform the future act of providing plaintiff with steady and secure employment.").

Further, "New York continues to adhere to the traditional common-law rule that absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party....[If] the plaintiff was offered only at-will employment, she cannot establish reasonable reliance, a necessary element to recover damages on theories of fraudulent misrepresentation [or] negligent misrepresentation...." <u>Marino v. Oakwood Care Ctr.</u>, 5 A.D. 3d 740 (2d Dep't 2004). Plaintiff has not alleged that his relationship with Carestream was anything other than at will employment. Accordingly, Plaintiff's claims for fraud and negligent misrepresentation are dismissed.

### 2. Intentional Infliction of Financial Harm

Plaintiff has not responded to Defendants' argument that New York has not recognized the tort of intentional infliction of

financial harm and that even if it had, such a claim would be barred by the one year statute of limitations for intentional torts, as Plaintiff was terminated in March 2012 and he filed his complaint in June 2013.  The Court finds that Plaintiff's claim, if it should exist under New York law, is nevertheless barred by the statute of limitations for intentional torts.  See New York's Civil Practice Law and Rules Section 215(3); Gallagher v. Directors Guild of America, Inc., 144 A.D.2d 261 (1st Dep't)(1988).

Further, even if the Court reads this cause of action to assert a claim for a *prima facie* tort, the Court finds that Plaintiff has failed to plausibly allege such a claim.  "A prima facie tort requires the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful. There must also be an allegation of special damages. Nonetheless, it is well established that, in New York, there is no tort claim for wrongful discharge of an at-will employee." Evans v. Excelsus Health Plan, Inc., 11-Civ-1248, 2012 WL 3229292, *5 (N.D.N.Y. August 6, 2012)(citing ATI, Inc. v. Ruder & Finn, Inc., 42 N.Y.2d 454, 458 (N.Y.1977)(internal citations and quotations omitted).  Here, Plaintiff has alleged nothing more than a claim for wrongful discharge from at will employment, and he has not specifically identified any special damages. Id. Accordingly, his claim for the intentional infliction of financial harm is dismissed.

## CONCLUSION

For the reasons set forth herein, Defendants' motion to dismiss is granted. Plaintiff's complaint is dismissed without prejudice, except that his Title VII claim against Defendant Jeffrey Nelson is dismissed with prejudice.


**ALL OF THE ABOVE IS SO ORDERED.**

                                    s/ Michael A. Telesca
                                   MICHAEL A. TELESCA
                                United States District Judge


Dated:      Rochester, New York
            December 10, 2013